IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SACOYIA RENEE BEY,                     )
                                       )
      Plaintiff,                       )
                                       )
 -vs-                                  )   Civil Action No.  20-1354
                                       )
KILOLO KIJAKAZI,[1]                    )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
      Defendant.                       )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 18 and 20).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 19 and 21).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 18) and granting Defendant's Motion for Summary Judgment. (ECF No. 20).

### I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act.  Plaintiff filed her applications alleging disability since May 17, 2013.  Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing and on February 28, 2018, found Plaintiff was not disabled.  (ECF No. 12-3, pp. 55-66).  On January 8, 2019, the Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ.  (ECF No. 12-3, pp. 73-75).  On remand, the ALJ again held another hearing. (ECF No. 12-2, pp. 120-148).  On October 9, 2019, the ALJ found Plaintiff was not disabled. (ECF No. 12-2, pp. 50-77).

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 18 and 20). The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

2

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B.  <u>Step 3 - Listings</u>

Plaintiff argues that the ALJ erred in her analysis at step 3.  (ECF No. 19, pp. 3-9).  In step 3 of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995).  An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary.  *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).  It is a plaintiff's burden to show that his/her impairment matches a listing or is equal in severity to a listed impairment.  *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

At issue in this case are Listings 12.04 and 12.15.  Plaintiff avers that she meets these listings.  (ECF No. 19, pp. 3-9).  To that end, Plaintiff argues that there is substantial evidence to support the findings of her treating psychiatrist, Dr. Stewart.  *Id.*  To be clear, the standard is not

whether there is evidence to establish Plaintiff's position.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance.  *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.  *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).  Thus, the question before me is whether substantial evidence supports the ALJ's findings.  *Allen,* 881 F.2d at 39 (3d Cir. 1989).  Therefore, Plaintiff's argument in this regard is misplaced.

Plaintiff also submits that if the ALJ would have carefully considered the new medical evidence of the Claimant's current claim, she would have found the Claimant disabled at step 3.  (ECF No. 19, p. 8).  In support of this argument, Plaintiff argues that the ALJ improperly considered evidence from a period prior to her alleged onset date of May 17, 2013.  *Id*. at pp. 5-7, n. 9.  After a review of the record, I am not persuaded by this argument.  While I note that the ALJ discussed records from before the alleged onset date, these records provide background information. For example, after noting these records, the ALJ went on for fifteen (15) pages to discuss at length and in detail all of the relevant medical evidence of record from May 17, 2013 through October 9, 2019, the date of the ALJ's decision.  (ECF No. 12-2, pp. 58-75).  I find nothing improper in this regard.

With regard to Listings 12.04 and 12.15, the ALJ found that Plaintiff did not meet the requirements of paragraphs B or C.  (ECF No. 12-2, pp. 54-56).  An ALJ must provide sufficient detail within his/her determination to permit a proper and meaningful judicial review. *Burnett v. Commissioner of Social Security Admin.*, 220 F.3d 112, 120 (3d Cir. 2000).  In considering the same, the decision must be read as a whole. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).  After a review of the evidence and reading the decision of the ALJ as a whole, I find I am

4

able to make a meaningful review and that the ALJ's finding is supported by substantial evidence of record. (ECF No. 12-2, pp. 20-77). Plaintiff's suggestion that her interpretation of the medical evidence more properly defines her abilities ignores the substantial evidence standard of review. Consequently, I find remand is not warranted.

      C.      **<u>Vocational Expert ("VE")</u>**

Along the same line of rationale as set forth above, Plaintiff additionally argues that the ALJ erred by failing "to consider the proper hypothetical which accurately assessed the Plaintiff's impairments." (ECF No. 19, pp. 10). In support of the same, Plaintiff suggests that the impairments identified by Dr. Stewart were not properly taken into consideration. *Id.* at 11. Thus, Plaintiff submits that remand is warranted. After a review, I disagree.

An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 12-2, pp. 50-77). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SACOYIA RENEE BEY, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>KILOLO KIJAKAZI,[2] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No.  20-1354 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 7th day of December, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 18) is denied and Defendant's Motion for Summary Judgment (ECF No. 20) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[2]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.